UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** EDCV 20-343-MWF (SPx)          **Date:** May 29, 2020
**Title:** Ryan Franklin v. FCA US, LLC, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                     Court Reporter:
Rita Sanchez                      Not Reported

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
None Present                      None Present

**Proceedings (In Chambers):**   ORDER RE: MOTION TO REMAND CASE [18];
                                 MOTION FOR LEAVE TO FILE SURREPLY [24]

Before the Court are two matters:

The first is Plaintiff Ryan Franklin's Motion to Remand (the "Remand Motion"), filed on May 4, 2020. (Docket No. 18). Defendant FCA US LLC ("FCA") filed an Opposition on May 11, 2020. (Docket No. 19). Plaintiff filed a Reply on May 18, 2020. (Docket No. 20).

The second is FCA's Motion for Leave to File a Surreply (the "Surreply Motion"), filed on May 27, 2020. (Docket No. 24). Plaintiff filed an Opposition to the Surreply Motion on May 28, 2020. (Docket No. 25).

The Remand Motion was noticed to be heard on June 1, 2020. The Court read and considered the papers on the Remand Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing was further required by the Continuity of Operations Plan arising from the COVID-19 emergency. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Court rules as follows:

- The Surreply Motion is **GRANTED**. The Court will consider FCA's Surreply, as it presents arguments that FCA could not have presented in its Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 20-343-MWF (SPx)**  **Date:  May 29, 2020**
**Title:     Ryan Franklin v. FCA US, LLC, et al.**

- The Remand Motion is **GRANTED**.  FCA has not sufficiently demonstrated that the amount in controversy requirement is satisfied even with civil penalties, attorneys' fees, or its Offer.

**I.      BACKGROUND**

On January 14, 2020, Plaintiff commenced this action in Riverside County Superior Court.  (Notice of Removal ("NoR") ¶ 1 (Docket No. 1); Complaint (Docket No. 1-1)).

The Complaint contains the following allegations:

On or about July 1, 2018, Plaintiff leased a 2019 Ram 1500 ("Vehicle"), which was manufactured and/or distributed by FCA.  (Complaint ¶¶ 4-5).  In connection with the purchase, Plaintiff received an express written warranty in which FCA stated that the Vehicle and its components would be free from all defects in material and workmanship, that the Vehicle would pass without objection in the trade under the contract description, that the Vehicle would be fit for the ordinary purpose for which it was intended, that the Vehicle would conform to the promises and affirmations of fact made, and that FCA would perform any repairs to ensure the Vehicle was free from defects for the time period specified under the warranty.  (*Id.* ¶ 7).

Plaintiff has performed, but has been forced to deliver the Vehicle to FCA's authorized service and repair facilities on at least four occasions.  (*Id.* ¶¶ 8-9).  By way of example, the defects, malfunctions, mis-adjustments, and non-conformities include recalls with respect to the occupant restraint controller, the adjustable brake pedal, and the ground cable, as well as issues with brake light, air conditioning, heater hoses, and side mirror.  (*Id.* ¶ 10).  Plaintiff has informed FCA of the nonconformities and issues each time he took the Vehicle for repair, and each time, FCA represented that the nonconformities and other issues would be fixed.  (*Id.* ¶¶ 11-12).  However, the issues were not fixed and continue to exist despite a reasonable number of attempts to repair.  (*Id.* ¶ 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  EDCV 20-343-MWF (SPx) | **Date:**  May 29, 2020 |
| **Title:**     Ryan Franklin v. FCA US, LLC, et al. | |

Based in part on the above allegations, Plaintiff asserts two claims for relief against FCA: (1) breach of implied warranty of merchantability under the Song Beverly Act; and (2) breach of express warranty under the Song Beverly Act.  (*Id.* ¶¶ 14-34).

Plaintiff seeks the diminution in value of the Vehicle resulting from its defects, in addition to "replacement or restitution," incidental and consequential damages, and damages sustained from the negligent auto repairs.  (*Id.* at 8, Prayer A-K).  Plaintiff additionally seeks civil penalties for each violation in the amount of up to two times Plaintiff's total damages, costs, pre-judgment interest, and attorneys' fees.  (*Id.*).

On February 20, 2020, FCA timely removed the action, invoking the Court's diversity jurisdiction.  (*See generally* NoR).

## II.     **SURREPLY MOTION**

Local Rule 7-10 provides that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply."  L.R. 7-10.  Further, "[a]lthough the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  *Hill v. England*, No. CVF 05-869 REC (TAG), 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (quoting *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).  Neither the federal rules nor the local rules permit a sur-reply as a matter of course.

Here, FCA requests permission to file a surreply which discusses Plaintiff's rejection of FCA's Rule 68 settlement offer in "excess" of $75,000 (the "Offer").  (Surreply at 1-3).  FCA argues its Surreply is proper because (1) Plaintiff raised the Offer for the first time in his Reply, and did not discuss the Offer completely; and (2) when FCA filed its Opposition, Plaintiff had yet to reject the Offer.  (*Id.*).  Because the Surreply addresses an argument raised by Plaintiff for the first time in his Reply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 20-343-MWF (SPx) | Date:  May 29, 2020 |
| Title:  Ryan Franklin v. FCA US, LLC, et al. | |

and could not have been raised by FCA in its Opposition, the Court will consider FCA's Surreply.

### III.   REMAND MOTION

####    A.   Legal Standard

Removal from state court to this Court is proper when diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

A defendant carries the "burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  Moreover, when the "complaint does not specify the amount sought as damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets" the $75,000 threshold.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 676, 683 (9th Cir. 2006).  All the following can be used to show that the amount in controversy threshold has been met: (i) general damages; (ii) special damages; (iii) attorneys' fees if recoverable; and punitive damages if recoverable. *Conrad v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

Finally, if any doubt exists as to whether the removing party has the right to removal, the "case should be remanded to state court."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

####    B.   Discussion

Plaintiff argues that the Remand Motion should be granted because (1) FCA has not established that the amount of controversy requirement has been met; and (2) comity principles weigh in favor of remand.  (*See generally* Motion).  Additionally, while the parties do not dispute that complete diversity is established, because the Court has an independent obligation to ensure its jurisdiction, the Court will analyze the parties' diversity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 20-343-MWF (SPx) | **Date:** May 29, 2020 |
| **Title:** Ryan Franklin v. FCA US, LLC, et al. | |

### 1. Diversity Between the Parties

While the parties do not dispute diversity is established, the Court is not convinced, based on the materials submitted by FCA, that complete diversity exists in this action. Specifically, in the Notice of Removal, FCA argues that complete diversity exists because (1) Plaintiff is a resident of California; and (2) FCA is an LLC "organized under the laws of the State of Delaware with its principal place of business in Michigan." (NoR ¶¶ 23-25). However, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because FCA offered no information in its NoR regarding the citizenship of its members, the Court cannot determine whether the parties are diverse.

That being said, numerous cases suggest that the sole member of FCA is "FCA North America Holdings LLC, whose sole member is Fiat Chrysler Automobiles, N.V., a company incorporated in the Netherlands with its principal place of business in England." *Gonzalez v. FCA US LLC*, No. EDCV-19-967-PSG (RAOx), 2020 WL 1444941, at *2 (C.D. Cal. Mar. 24, 2020); *see also Alvarado v. FCA US, LLC*, No. EDCV-17-505-JGB (DTBx), 2017 WL 2495495, at *5 (C.D. Cal. June 8, 2017) (same); *Arambula v. FAB4 LLC*, No. 2-CV-20-3178-VAP (ASx), 2020 WL 2538932, at *1 (C.D. Cal. May 18, 2020) (same).

Because the Court is remanding the action for the reasons discussed below, the Court will not require FCA to make a further showing confirming that the members of FCA are diverse from Plaintiff.

### 2. Amount in Controversy

The Court determines that the amount of controversy requirement has not been satisfied.

FCA argues that the requirement is met based on (1) the Complaint's allegation that the amount in controversy is $25,000, plus incidental and consequential damages,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 20-343-MWF (SPx)**　　　　　**Date:  May 29, 2020**
**Title:**　　Ryan Franklin v. FCA US, LLC, et al.

civil penalties, and attorneys' fees; and (2) the $25,401.30 in lease payments, which will be made by the end of the lease term.  (Opposition at 3-4).  FCA asserts that the amount in controversy from the actual damages and civil penalty alone exceed the jurisdictional requirement.  (*Id*. (citing Complaint ¶ 13, Prayer for Relief).  In addition, FCA notes that Plaintiff seeks attorneys' fees under the Song Beverly-Act, and asserts that such fees would increase the amount in controversy even more.  (*Id*.).  Finally, in its Surreply, FCA asserts that Plaintiff's rejection of the Offer establishes the amount of controversy requirement.  (Surreply at 1-3).

　　　In response, Plaintiff argues that FCA cannot rely on potential civil penalties imposed by the Song-Beverly Act as they are too "speculative".  (Motion at 5-7; Reply at 3-5).  Plaintiff also criticizes FCA's estimate of the value of the lease payments, arguing that it assumes that "all lease payments were to be made," as opposed to the actual payments made by Plaintiff thus far.  (Reply at 3-4).

　　　The Court agrees with Plaintiff:

　　　*First*, the Court determines that FCA cannot rely on the total payments due under the lease to establish the amount of controversy requirement.  Nowhere in the NoR or in the Opposition does FCA specify how many lease payments Plaintiff has actually made to date, as opposed to the total payments owed under the lease.  And as Plaintiff points out, "FCA has not pointed to any language in Plaintiff's Complaint or otherwise that would specifically set Plaintiff's actual damages at the total amount of the lease price including both payments made and not made."  (Reply at 3).

　　　This is crucial, because if, for example, Plaintiff stopped paying his lease payments when he filed his Complaint, the amount in controversy requirement would not be satisfied.  Under this assumption, Plaintiff would have $12,197.70 in damages (the $2,295 Plaintiff was obligated to pay at signing, in addition to 15 monthly payments of $660.18 from October 15, 2018 to December 15, 2019).  Even if Plaintiff recovered his maximum civil penalties, that would still only lead to $36,593.10 in controversy.  *See, e.g.*, *Nejad v. FCA US LLC*, No. 2-20-CV-2252-RGK (AGRx), 2020 WL 2079983, at *1 (C.D. Cal. Apr. 29, 2020) (remanding action because "a plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 20-343-MWF (SPx)                Date:  May 29, 2020
Title:     Ryan Franklin v. FCA US, LLC, et al.

recovery is limited to the actual payment amount to the seller" and "there are no facts indicating how many payments have already been made on the lease"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (limiting recovery for amount in controversy analysis to payments "actually paid under the lease").

As for attorneys' fees, FCA estimates attorneys' fees would "exceed $35,000 based upon personal experience with another Song-Beverly action." (Opposition at 4). However, FCA only cites one case for this figure, and even assuming $35,000 in fees, that still does not get the total amount in controversy above $75,000.  *See, e.g.*, *Makol v. Jaguar Land Rover N. Am., LLC*, No. 18-CV-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (remanding case as "[t]he sole piece of evidence is [defendant's] own declaration speculating that, '[b]ased on experience in handling Song-Beverly cases, counsel for Plaintiffs in similar cases will seek attorneys' fees in excess of $60,000 if this case goes to trial.' . . . [Defendant] does not attach any further supporting evidence—for example, evidence of typical hourly rates in breach of warranty cases, or billing records from the Song-Beverly cases defense counsel has previously handled.  Nor does [Defendant] attempt to estimate anticipated fees in the more likely event this case does not go to trial.").

***Second***, the Court determines that it cannot rely on Plaintiff's ***rejection*** of the Offer as proof of the amount of controversy requirement.  FCA is correct that courts consider settlement offers to determine if the amount of controversy requirement is satisfied.  However, the overwhelming majority of cases deal with settlement offers made by ***plaintiffs***, not defendants, as establishing proof of how much a plaintiff values her case.  *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A [plaintiff's] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim" because a "plaintiff's settlement offer is properly consulted in determining plaintiff's assessment of the value of her case.") (intentional quotations omitted).

While FCA cites a single case in support of its argument that a plaintiff's ***rejection*** of a ***defendant's*** settlement offer is equally relevant, the Court agrees with

**CIVIL MINUTES—GENERAL**                                                        7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 20-343-MWF (SPx)**               **Date:  May 29, 2020**
**Title:     Ryan Franklin v. FCA US, LLC, et al.**

other courts which have determined a plaintiff's failure to accept a settlement offer does not prove the amount of controversy requirement is satisfied.  *See, e.g.*, *Jackson v. Metro. Prop. & Cas. Ins. Co.*, No. 609-CV-604-ORL-31GJK, 2009 WL 1456439, at *2 (M.D. Fla. May 22, 2009) ("Even if the plaintiff had affirmatively rejected the settlement proposal (rather than simply ignoring it), that rejection would not have altered this case in any way relevant to the issue of federal jurisdiction" because "the 'rejection' did not alter the amount in controversy."); *Boatright v. Ford Motor Co.*, No. 18-CV-03157-BLF, 2018 WL 4488762, at *3 (N.D. Cal. Sept. 17, 2018) (Even "[a]ssuming without deciding that this rule [considering settlement offers] applies with equal force to settlement offers by a defendant . . . this Court cannot find that reject[ion] of the offer reasonably serves as evidence of the amount in controversy"); *c.f. Smith v. Colorado Cas. Ins. Co.*, No. CV-11-1527-PHX-FJM, 2011 WL 4703028, at *2 (D. Ariz. Oct. 6, 2011) (remanding case because "plaintiff's refusal to limit her claim to $75,000 is insufficient in itself to satisfy defendant's burden of proof").

Here, FCA's Surreply notes that (1) the Offer was in excess of $75,000; and (2) Plaintiff failed to accept the Offer in the required 14 days.  (Surreply at 2).  For the former, FCA provides no details explaining how it determined its offer was a fair offer, and "[w]ithout additional evidence to ground the offer, this Court cannot find that rejection of the offer reasonably serves as evidence of the amount in controversy" because it could be that FCA "simply manufactured the number out of whole cloth." *Boatright*, 2018 WL 4488762, at *3.  For the latter, FCA does not state why Plaintiff rejected the Offer.  Plaintiff's Opposition, and the supporting declaration of Plaintiff's counsel, both state that the reason for Plaintiff's rejection of the Offer had nothing to do with the amount offered, but instead dealt with issues with the IRS Tax Form 1099.  (Opposition at 5-7; Declaration of David N. Barry ¶¶ 3-4) (Docket No. 25-1)).  Accordingly, Plaintiff's rejection of the Offer is not a sufficient basis to determine the amount of controversy requirement is satisfied.

In sum, Defendant has only demonstrated that it is possible that the amount in controversy in this action could exceed $75,000, depending on (1) how many lease payments Plaintiff made; (2) other damages Plaintiff may or may not be seeking; (3) how much attorneys' fees Plaintiff could recover; and (4) why Plaintiff rejected the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 20-343-MWF (SPx) | **Date:** May 29, 2020 |
| **Title:** Ryan Franklin v. FCA US, LLC, et al. | |

Offer. However, a mere possibility is not sufficient to establish the amount in controversy requirement. *See, e.g., Nejad*, 2020 WL 2079983, at *1 ("At best, Defendant has provided only speculation.").

FCA has failed to establish that complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, the Remand Motion is **GRANTED**.

## IV.    CONCLUSION

For the foregoing reasons, the Surreply Motion is **GRANTED** and the Remand Motion is **GRANTED**. The Court **REMANDS** this action to the Riverside County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action.

IT IS SO ORDERED.